(83 App. Div. 639.)

### WRIGHT v. PELL.

(Supreme Court, Appellate Division, First Department.   October 14, 1898.)

SPECIAL TERMS—MOTIONS—RENEWAL.

Where a justice of a special term has denied a motion, with leave to renew within 10 days, another justice will not allow the motion after the 10 days have elapsed.

Appeal from special term.

Action by George M. Wright, as assignee, against Alice B. Pell. From an order denying a motion by defendant, defendant appeals. Affirmed.

The following is the opinion of the court below (PRYOR, J.):

A similar motion, before Mr. Justice Kellogg, was denied, with leave to renew within 10 days. The 10 days have elapsed, and I am of opinion that I am concluded by the former adjudication. Undoubtedly, the court considered that the interest of justice required the motion to be made within the designated period. I am not willing to overrule the decision of another justice, nor to disregard a condition imposed by him as a basis of relief. Finelite v. Finelite (Sup.) 16 N. Y. Supp. 287. Motion denied, without costs.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

P. A. Hargous, for appellant.

J. Holmes, Jr., for respondent.

PER CURIAM.   Order affirmed, with $10 costs and disbursements, on opinion of PRYOR, J.

---

(25 Misc. Rep. 640.)

### PHILADELPHIA & R. COAL & IRON CO. v. DEVOY et al.

(Supreme Court, Special Term, Onondaga County.   December, 1898.)

FRAUDULENT CONVEYANCES.

Where a brother at the time of his marriage conveys his interest in the homestead to his maiden sisters, it will not be considered fraudulent as to his creditors when he becomes insolvent some eight years thereafter, though the deed was not recorded until shortly before his insolvency, the grantees being put actually in possession, to the exclusion of the grantor.

Suit by the Philadelphia & Reading Coal & Iron Company against Martin Devoy and others to set aside a deed as fraudulent. Dismissed.

T. W. Taylor, for plaintiff.

Lewis & Crowley, for defendants.

HISCOCK, J.   The defendants are brothers and sisters. The deed in question was executed in 1885. It was not recorded until shortly before the grantor became insolvent and plaintiff's judgment was recovered, in 1893. During that time it remained in the possession of one McGuire, a brother-in-law of defendants, to whom it had been delivered when executed. The grantor executed the deed in connection with the occasion of his marriage. The premises are the home-